# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> AUTEL ROBOTICS CO., LTD. and AUTEL ROBOTICS EUROPE GMBH, <br><br> *Defendants.* | Case No. 2:26-cv-00226-JRG-RSP <br><br> **Jury Trial Demanded** <br><br> **Judge Rodney Gilstrap** <br> **Magistrate Judge Roy S. Payne** |

**DEFENDANTS AUTEL ROBOTICS CO., LTD. AND AUTEL ROBOTICS EUROPE GMBH'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF <u>PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS</u>**

**ANJIE BROAD LAW FIRM**

Zhiyu Liang (Cal. Bar No. 357770)
14th Floor, North Tower, Beijing Kerry Centre
No. 1 Guanghua Road
Chaoyang District, Beijing 100020, China
Phone: +86 (10) 8567-5988
Email:   liangzhiyu@anjielaw.com

*Attorney for Defendants Autel Robotics Co.,*
*Ltd. and Autel Robotics Europe GmbH*

## TABLE OF CONTENTS

**Page**

**INTRODUCTION** .................................................................................................................. 1

**ARGUMENT** ........................................................................................................................ 1

    I.     PLAINTIFF'S OPPOSITION FAILS TO REBUT DEFENDANTS' SHOWING THAT THIS COURT LACKS PERSONAL JURISDICTION ............................. 1

         A.     Plaintiff Fails to Show That Autel China Purposefully Availed Itself of the Privilege of Conducting Activities in Texas. ............................................... 1

         B.     Plaintiff Identifies No Evidence Connecting Autel Europe to Texas—or Even to the United States. ............................................................................ 6

    II.    AT MOST, PLAINTIFF'S OPPOSITION SUPPORTS JURISDICTIONAL DISCOVERY AS TO AUTEL CHINA ................................................................ 7

    III.   ANY DEFECT IN SERVICE MUST BE CURED THROUGH THE CENTRAL-AUTHORITY PROCEDURES REQUIRED BY THE HAGUE SERVICE CONVENTION ....................................................................................................... 8

**CONCLUSION** .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Access Telecom, Inc. v. MCI Telecomm., Corp.*,
197 F.3d 694 (5th Cir.1999) ................................................................................................ 4

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................................................. 2

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
267 U.S. 333 (1925) ............................................................................................................. 3

*Freudensprung v. Offshore Tech. Servs., Inc.*,
379 F.3d 327 (5th Cir. 2004) ............................................................................................... 4

*Getagadget, L.L.C. v. Jet Creations Inc.*,
No. 19-51019, 2022 WL 964204 (5th Cir. Mar. 30, 2022) .................................................. 7

*Hargrave v. Fibreboard Corp.*,
710 F.2d 1154 (5th Cir.1983) .............................................................................................. 3

*J. McIntyre Machinery, Ltd. v. Nicastro*,
564 U.S. 873 (2011) ............................................................................................................. 4

*Johnson v. TheHuffingtonPost.com, Inc.*,
21 F.4th 314 (5th Cir. 2021) ................................................................................................ 6

*Kelly v. Syria Shell Petrol. Dev. B.V.*,
213 F.3d 841 (5th Cir. 2000) ............................................................................................... 7

*Orange Electronic Co. Ltd. v. Autel Intelligent Technology Corp., Ltd.*,
No. 2:21-cv-00240-JRG, 2022 WL 4368160 (E.D. Tex. Sept. 21, 2022) ...................... 2, 9

*Pace v. Cirrus Design Corp.*,
93 F.4th 879 (5th Cir. 2024) ................................................................................................ 6

*Sheets v. Yamaha Motors Corp., U.S.A.*,
891 F.2d 533 (5th Cir. 1990) ............................................................................................. 10

*Touchcom, Inc. v. Bereskin & Parr*,
574 F.3d 1403 (Fed. Cir. 2009) ........................................................................................... 5

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) ........................................................................................................... 10

*Walden v. Fiore*,
571 U.S. 277 (2014) ............................................................................................................. 2

*Way v. Mueller Brass Co.*,
840 F.2d 303 (5th Cir. 1988) ............................................................................................... 9

*X Corp. v. World Fed'n of Advertisers*,
No. 7:24-CV-0114-B, 2026 WL 833900 (N.D. Tex. Mar. 26, 2026) .............................................. 7

**Statutes**

20 U.S.T. 361, 362 ................................................................................................................ 10

**Other Authorities**

Federal Rule of Civil Procedure 4(f)(3) ................................................................................ 8, 10

Federal Rule of Civil Procedure 4(k)(1) ................................................................................ 5, 6

Federal Rule of Civil Procedure 4(k)(2) ................................................................................ 5, 6

Federal Rule of Civil Procedure 12(b)(2) .............................................................................. 10

Federal Rule of Civil Procedure 12(b)(5) .............................................................................. 10

**INTRODUCTION**

Plaintiff's Opposition does not cure the fundamental defects identified in Defendants' motion. As to personal jurisdiction, Plaintiff relies on the website and conduct of Autel Robotics USA LLC ("Autel USA") – a separate affiliated entity, nationwide accessibility of products and applications, and generalized references to U.S. operations. None of that establishes that Autel Robotics Co., Ltd. ("Autel China") itself purposefully directed suit-related conduct toward Texas. As to Autel Robotics Europe GmbH ("Autel Europe"), Plaintiff identifies no conduct directed toward Texas or even the United States.

Plaintiff's request for jurisdictional discovery fares no better. Its proposed discovery is a broad inquiry into worldwide corporate operations and which affiliated entity performed particular functions, not a targeted effort to test identified forum contacts of the named Defendants. At most, any discovery should be narrowly limited to the specific attribution issues concerning Autel China. No discovery is warranted as to Autel Europe.

Plaintiff also effectively concedes that its attempted service did not comply with the Hague Service Convention. Actual notice does not cure defective service, and Plaintiff's proposed service on Beijing-based counsel would itself require transmission of judicial documents abroad, thereby triggering the Convention. The Court should therefore dismiss the Complaint for lack of personal jurisdiction and insufficient service of process or, alternatively, quash service and require compliance with the Convention's Central-Authority procedures.

**ARGUMENT**

I.    **PLAINTIFF'S OPPOSITION FAILS TO REBUT DEFENDANTS' SHOWING THAT THIS COURT LACKS PERSONAL JURISDICTION**

A.    **Plaintiff Fails to Show That Autel China Purposefully Availed Itself of the Privilege of Conducting Activities in Texas.**

1

Plaintiff's Opposition does not identify any Texas-directed conduct by Autel China itself. Instead, Plaintiff relies principally on *Orange Electronic Co. Ltd. v. Autel Intelligent Technology Corp., Ltd.*, No. 2:21-cv-00240-JRG, 2022 WL 4368160 (E.D. Tex. Sept. 21, 2022), and attempts to attribute the U.S.-facing activities of Autel Robotics USA LLC ("Autel USA") to Autel China. Neither theory establishes purposeful availment.

As an initial matter, *Orange* involved a different defendant. Autel Intelligent Technology Corp., Ltd. ("Autel ITC") is a separate corporate entity from Autel China, the Defendant in this action. A jurisdictional determination concerning Autel ITC based on Autel ITC's own conduct and website cannot establish personal jurisdiction over Autel China. Specific jurisdiction must be assessed separately as to each defendant and must rest on contacts that the particular defendant itself created with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (noting that the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State"); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (holding that purposeful availment inquiry requires that "the relationship among the defendant, the forum, and the litigation must arise out of contacts that the defendant himself creates with the forum State").

More importantly, the jurisdictional evidence that the Court relied upon in *Orange* is absent here. In *Orange*, the Court found that Autel ITC's own website identified retailers selling the accused products "in the vicinity of Marshall, Texas[,] and surrounding areas." *Orange Elec.*, 2022 WL 4368160, at *3. Based on that defendant-specific evidence, the Court concluded that Autel ITC had placed the accused products into the stream of commerce with the expectation that they would be purchased by Texas consumers and therefore could reasonably anticipate being haled into court in Texas. *Id.*

Plaintiff identifies no comparable conduct by Autel China. There is no evidence that Autel China maintained a website identifying dealers or retailers in Marshall, elsewhere in this District, or anywhere in Texas. *See* Supplemental Declaration of Zhuanpeng Cheng ("Cheng Supp. Decl.") ¶¶ 5-6, 18-19. Nor is there evidence that Autel China directed Texas-specific advertising, selected Texas retailers, entered Texas-specific distribution agreements, shipped products directly to Texas, conducted sales in Texas, or otherwise targeted the Texas market. *Id*. ¶ 19.

Plaintiff's Exhibit 4, among other Plaintiff's Exhibits, does not fill that gap. Plaintiff relies on a news release concerning the availability of Dragonfish products in the United States and a planned presentation at a Texas Public Safety Summit. Dkt. 12 at 7; Dkt. 12-4. But the cited material appears on Autel USA's U.S.-facing website. *See* Cheng Supp. Decl. ¶ 5. It concerns U.S. marketing and promotional activities—the very functions that the unrebutted Cheng Declaration establishes are performed by Autel USA, not Autel China. *See* Dkt. 9 ¶¶ 9–13; Cheng Supp. Decl. ¶¶ 4-6. Plaintiff presents no evidence that Autel China authored the release, controlled the website, organized or attended the Texas event, selected the products to be demonstrated, communicated with Texas customers, or directed Autel USA to undertake any Texas-specific activity.

Even assuming Exhibit 4 reflects purposeful conduct directed toward Texas, it reflects conduct by Autel USA. Plaintiff cannot establish jurisdiction over Autel China merely by pointing to the forum contacts of a separate affiliated entity. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335 (1925) (declining to attribute, for jurisdictional purposes, the presence of a subsidiary in the forum state to a nonresident parent corporation where the parent and subsidiary maintained distinct and separate corporate entities); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir.1983) (observing that "[g]enerally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business in the forum

3

state"); *Access Telecom, Inc. v. MCI Telecomm., Corp.*, 197 F.3d 694, 717 (5th Cir.1999) (noting that "typically, the corporate independence of companies defeats the assertion of jurisdiction over one by using contacts with the other"). The Fifth Circuit generally requires "proof of control by the parent over the internal business operations and affairs of the subsidiary" before the two entities may be "fuse[d] . . . together for jurisdictional purposes." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (citation omitted). It has not done so.

Plaintiff's assertion that Autel China designs and manufactures the accused products likewise does not establish purposeful availment of Texas. The evidence shows that Autel China transfers products to Autel USA outside the United States, after which Autel USA independently handles U.S. importation, marketing, advertising, sales, distribution, customer support, and post-sale service. Dkt. 9 ¶¶ 9–13; Cheng Supp. Decl. ¶ 20. Plaintiff offers no evidence that Autel China determines where Autel USA sells the products within the United States, selects Texas as a destination, controls Texas distribution, or otherwise deliberately targets Texas consumers.

At most, Plaintiff's evidence suggests that products designed or manufactured by Autel China eventually become available throughout the United States through Autel USA. That is an allegation of an intent to serve the United States generally, not purposeful availment of Texas in particular. As the Supreme Court explained in *J. McIntyre Machinery, Ltd. v. Nicastro*, evidence of an intent to serve the U.S. market does not, without additional forum-specific conduct, establish that a foreign manufacturer purposefully availed itself of a particular State's market. 564 U.S. 873, 886 (2011).

Plaintiff's allegations concerning the accused applications fare no better. Plaintiff emphasizes that the Autel Apps are operational applications rather than passive advertisements. Dkt. 12 at 14–15. But the functionality of the applications does not answer the jurisdictional

4

question. The relevant inquiry is whether Autel China purposefully directed the applications or related conduct toward Texas. Plaintiff identifies no Texas-specific app listing, Texas-specific advertising, Texas-specific download campaign, contract with Texas users, Texas-based server, or other conduct showing that Autel China deliberately targeted Texas. Availability through the Apple App Store, Autel's website, or another nationwide or global platform establishes, at most, general accessibility in Texas on the same terms as accessibility elsewhere.

The same is true of Plaintiff's reliance on alleged U.S.-based servers, U.S. support infrastructure, U.S. sales promotions, and references to research-and-development locations in Seattle and Silicon Valley. Dkt. 12 at 14–18. None of those alleged contacts is located in Texas.

Plaintiff's alternative reliance on Rule 4(k)(2) also fails on its own theory. Rule 4(k)(2) applies only when the defendant "is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2). Yet Plaintiff repeatedly argues that Autel China knowingly supplies the accused products to Autel USA, whose headquarters and U.S. operations are located in Washington. *See* Dkt. 12 at 23–24; Dkt. 12-11. If, as Plaintiff contends, Autel China deliberately directs the accused products into an established commercial channel operated by Autel USA in Washington, then Washington is the specific state in which Plaintiff's own theory places Autel China's relevant U.S. contacts. Plaintiff therefore cannot simultaneously contend that Autel China purposefully targets Washington through Autel USA and invoke Rule 4(k)(2) on the premise that Autel China is not subject to jurisdiction in any state. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009) (explaining that Rule 4(k)(2) is unavailable where the defendant identifies a suitable state forum).

Because Plaintiff identifies no Texas-directed conduct by Autel China and its own theory places any relevant U.S. contacts in Washington, it establishes jurisdiction under neither Rule

5

4(k)(1) nor Rule 4(k)(2).

**B.**     **Plaintiff Identifies No Evidence Connecting Autel Europe to Texas—or Even to the United States.**

Plaintiff identifies no act by Autel Europe directed toward Texas or the United States. Indeed, Plaintiff effectively concedes the absence of evidence, characterizing Autel Europe as presenting a "narrower issue" and requesting jurisdictional discovery rather than identifying any existing forum contact. Dkt. 12 at 22. That concession confirms that Plaintiff has not carried its burden of making even a *prima facie* showing of personal jurisdiction.

Plaintiff relies on public materials stating that Autel has a subsidiary and an after-sales service center in Germany, that Munich is identified as an R&D location, and that Autel maintains EU support and European sales channels. *Id*. But those facts concern activities in Germany and Europe. They do not show that Autel Europe sold, marketed, imported, distributed, supported, or serviced any accused product in the United States—much less in Texas.

Specific jurisdiction cannot rest on the possibility that a foreign defendant may have unidentified forum contacts. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (affirming dismissal where the plaintiff "never asserted specific facts to support his allegations of jurisdiction or that the corporate defendants did business in the forum"); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (rejecting an effort to "fish for facts" supporting jurisdiction where the plaintiff had "failed to plead an adequate basis for [the court's] jurisdiction").

Because Plaintiff identifies no conduct by Autel Europe directed toward Texas, it cannot establish jurisdiction under Rule 4(k)(1). And because Plaintiff identifies no conduct by Autel Europe directed toward the United States at all, it likewise cannot establish the nationwide minimum contacts required under Rule 4(k)(2).

6

## II.    AT MOST, PLAINTIFF'S OPPOSITION SUPPORTS JURISDICTIONAL DISCOVERY AS TO AUTEL CHINA

Jurisdictional discovery is warranted only where a plaintiff "presents factual allegations that suggest with reasonable particularity the possible existence of" facts supporting jurisdiction. *Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022). Conversely, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Nor may jurisdictional discovery be used merely to determine "which entity in a corporate family is responsible, rather than whether the Court has personal jurisdiction over a named defendant." *X Corp. v. World Fed'n of Advertisers*, No. 7:24-CV-0114-B, 2026 WL 833900, at *16 (N.D. Tex. Mar. 26, 2026).

Plaintiff's proposed discovery is substantially overbroad. It seeks information concerning intercompany agreements, worldwide R&D activities, app-store accounts, backend servers, AWS infrastructure, customer data, flight logs, warranty records, and global support workflows. Dkt. 12 at 25–27. Much of that discovery is directed toward identifying which Autel-affiliated entity performed particular functions, not whether either named Defendant purposefully directed suit-related conduct toward Texas.

Defendants maintain that no discovery is necessary as to Autel China. The Supplemental Cheng Declaration establishes that Autel USA independently manages U.S.-facing sales, marketing, distribution, support, and post-sale service; operates www.autelrobotics.com; prepared or published most of the website materials on which Plaintiff relies; and independently determines where products are marketed and sold within the United States. *See* Cheng Supp. Decl. ¶¶ 4–21. It further establishes that Autel China does not direct Autel USA to target Texas. *Id*. ¶ 21.

If the Court nevertheless permits discovery, it should be strictly limited to whether Autel

7

China: (1) operated or controlled www.autelrobotics.com; (2) authored or directed the specific statements in Plaintiff's Exhibits 1, 3, 4, and 6–11; (3) directed Autel USA to market or sell the accused products in Texas; or (4) participated in the Texas Public Safety Summit activities identified in Exhibit 4.

No jurisdictional discovery is warranted as to Autel Europe. Plaintiff identifies no act by Autel Europe directed toward Texas or anywhere in the United States. Its reliance on a German subsidiary, a Munich R&D location, and European sales and support activities establishes only European contacts. The unrebutted Li Declaration confirms that Autel Europe conducts no sales, marketing, importation, distribution, support, or other commercial activity in the United States and has no operations in Texas. Dkt. 10 ¶¶ 5–28. Plaintiff's request to investigate whether Autel Europe, a Munich R&D operation, or other related personnel may have performed unidentified functions is precisely the type of corporate-family fishing expedition rejected in *X Corp*.

Accordingly, the Court should deny jurisdictional discovery as to Autel Europe. At most, any discovery should be narrowly limited to the specific Texas-attribution issues concerning Autel China identified above.

## III.   ANY DEFECT IN SERVICE MUST BE CURED THROUGH THE CENTRAL-AUTHORITY PROCEDURES REQUIRED BY THE HAGUE SERVICE CONVENTION

Plaintiff has not carried its burden of establishing that either Defendant was properly served. Rather than demonstrate that service on Autel USA's registered agent or direct delivery by FedEx complied with Rule 4 and the Hague Service Convention, Plaintiff effectively acknowledges the defect and asks the Court to "quash service only if necessary, authorize alternative service under Rule 4(f)(3), or extend Cellspin's time to complete Hague service." *See* Dkt. 12 at 28. Plaintiff further relies on Defendants' actual notice and purported lack of prejudice. *Id*. Neither argument

cures the defective service.

First, actual notice is not a substitute for service in the manner required by Rule 4. The Fifth Circuit has squarely held that "[a]ctual notice of the litigation, moreover, is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988). Defendants' appearance for the limited purpose of challenging personal jurisdiction and service likewise does not waive those defenses or retroactively validate Plaintiff's unauthorized methods of service. The relevant question is not whether Defendants eventually learned of this action, but whether Plaintiff served each Defendant through a method authorized by Rule 4 and the applicable international agreement. It did not.

Second, Plaintiff's reliance on *Orange Elec.*, 2022 WL 4368160, is misplaced. In *Orange*, the Court authorized service on Autel ITC through Mayer Brown LLP and Arch & Lake LLP, two U.S. law firms whose attorneys were already familiar with the parties, the asserted patent, and closely related litigation. *Id*. at *6. The Court found that those domestic attorneys were already aware of the action and expressly authorized delivery of the summons and complaint to identified attorneys at those firms. *Id*.

None of those circumstances is present here. Defendants' counsel of record, Zhiyu Liang of Anjie Broad Law Firm, is located in Beijing, China. *See* Dkt. 5. Thus, Plaintiff's proposed "alternative service on Defendants' U.S. counsel" would not constitute domestic service that avoids the transmission of judicial documents abroad. *See* Dkt. 12 at 31. Instead, it would require Plaintiff to transmit the summons and Complaint from the United States to counsel located in China for the purpose of serving Autel China and Autel Europe.

That distinction is dispositive under the Convention's plain text. Article 1 provides that the Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to

9

transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, 362. The Fifth Circuit likewise holds that compliance with the Convention is mandatory whenever "the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990).

Service on Defendants' Beijing-based counsel would necessarily entail precisely that type of international transmission. It therefore would not avoid the Hague Service Convention; it would trigger the Convention. Unlike the domestic service authorized in *Orange*, Plaintiff's proposal would transmit the operative service documents to a recipient located abroad and would require that recipient to accept those documents as the purported service representative of two foreign corporations.

Rule 4(f)(3) does not permit the Court to disregard that treaty obligation. The Rule authorizes only "other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). It does not authorize a method that conflicts with the Convention where the proposed method itself requires transmission abroad. Where the Convention applies, it "pre-empts inconsistent methods of service [] in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).

The Court should dismiss the Complaint without prejudice under Rule 12(b)(5) or, alternatively, quash service and require compliance with the Hague Convention's Central-Authority procedures.

## CONCLUSION

Defendants respectfully request dismissal under Rules 12(b)(2) and 12(b)(5). Alternatively, any jurisdictional discovery should be limited to Autel China, and Plaintiff should be required to effect service through the appropriate Hague Convention Central Authorities.

Dated:    July 6, 2026.

**ANJIE BROAD LAW FIRM**

By: */s/   Zhiyu Liang*

Zhiyu Liang (Cal. Bar No. 357770)
14th Floor, North Tower, Beijing Kerry Centre
No. 1 Guanghua Road
Chaoyang District, Beijing 100020, China
Phone: +86 (10) 8567-5988
Email:   liangzhiyu@anjielaw.com

*Attorney for Defendants Autel Robotics Co., Ltd.*
*and Autel Robotics Europe GmbH*

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 6, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Texas using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Zhiyu Liang*
     Zhiyu Liang

*Attorney for Defendants Autel Robotics Co.,*
*Ltd. and Autel Robotics Europe GmbH*