**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CELLSPIN SOFT, INC., | |
| *Plaintiff,* | Case No. 2:26-cv-00226-JRG-RSP |
| v. | **Jury Trial Demanded** |
| AUTEL ROBOTICS CO., LTD. and AUTEL ROBOTICS EUROPE GMBH, | **Judge Rodney Gilstrap** **Magistrate Judge Roy S. Payne** |
| *Defendants.* | |

**AUTEL ROBOTICS CO., LTD. AND AUTEL ROBOTICS EUROPE GMBH'S MOTION
TO CONTINUE SCHEDULING CONFERENCE AND RELATED DEADLINES**

Defendants Autel Robotics Co., Ltd. ("Autel China") and Autel Robotics Europe GmbH ("Autel Europe") (collectively, "Defendants") respectfully move to continue the scheduling conference presently set for July 20, 2026, and all deadlines arising from or related to that conference, until after the Court resolves Defendants' pending Consolidated Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process. In support, Defendants state as follows.

**I.      RELEVANT BACKGROUND**

On June 18, 2026, the Court entered an Order setting a scheduling conference for July 20, 2026, at 9:30 a.m. Dkt. 11 at 1. The Order states that the conference will establish a claim-construction-hearing date and trial setting and requires the parties to address whether they will consent to trial before the Magistrate Judge. *Id.*

The Order also establishes several deadlines measured from the scheduling conference.

1

Among other requirements, Plaintiff must serve its infringement contentions two weeks before the conference; the parties must address joinder one week after the conference; and the parties must thereafter prepare proposed discovery and protective orders, exchange initial disclosures, serve invalidity contentions, and provide subject-matter-eligibility contentions. *Id*. at 1–2.

Before the Court entered that Order, Defendants moved to dismiss the Complaint under Rules 12(b)(2) and 12(b)(5). *See* Dkt. 8. Defendants contend that neither foreign Defendant purposefully directed suit-related conduct toward Texas and that Plaintiff did not serve either Defendant through a method authorized by Rule 4 and the Hague Service Convention. *Id*. at 6-7. That motion is now fully briefed.

Plaintiff's Opposition confirms that substantial threshold issues remain unresolved. As to service, Plaintiff does not demonstrate that its attempted service complied with the Hague Service Convention's Central-Authority procedures. Dkt. 12 at 27-28. Instead, Plaintiff requests that the Court, if it finds service deficient, quash service, authorize alternative service on counsel under Rule 4(f)(3), or extend Plaintiff's time to complete service. *Id*.

As to personal jurisdiction, Plaintiff principally relies on materials appearing on Autel Robotics USA LLC's ("Autel USA") U.S.-facing website (www.autelrobotics.com), including website announcements, store terms, support pages, and promotional materials. *See* Dkts. 12-1, 12-3, 12-4, 12-6, 12-7, 12-8, 12-9, 12-10, 12-11, 12-12. The Supplemental Declaration of Zhuanpeng Cheng establishes, however, that Autel USA is a separate legal entity, that the cited website is administered and used by entities outside mainland China for overseas markets, and that Plaintiff's website exhibits reflect activities of Autel USA rather than Texas-directed conduct by Autel China. Dkt. 14 ¶¶ 4–21. Plaintiff has not established any alter-ego or other basis for disregarding the entities' corporate separateness and instead contends that such a showing is

2

unnecessary. Dkt. 12 at 16 ("Cellspin need not prove alter ego to establish jurisdiction over Autel China.").

These disputes bear directly on whether either named Defendant is properly before this Court and whether merits proceedings should move forward against them.

## II.    LEGAL STANDARD

Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Upon "the movant's demonstration of good cause to modify the schedule order", the court may apply "the more liberal standard[.]" *Id*.

A district court also possesses "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Under Rule 26(c), the Court may, for good cause, enter an order protecting a party from "undue burden or expense," including by limiting or postponing discovery. Fed. R. Civ. P. 26(c)(1). The movant must make a "particular and specific demonstration of fact" establishing the need for such relief rather than relying on conclusory assertions. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

In deciding whether to stay merits discovery pending resolution of a threshold motion, "a court must balance the harm produced by the delay in discovery against the possibility the motion will be granted and eliminate the need for such discovery entirely." *Pease v. Sec. & Exch. Comm'n*, 350 F.R.D. 275, 277 (W.D. Tex. 2025).

III.    **ARGUMENT**

    A.    **The Pending Motion Raises Threshold Issues That May Dispose of the Entire Action.**

Good cause to continue scheduling conference exists because Defendants' pending Motion to Dismiss does not raise a peripheral merits issue. It challenges whether the Court may exercise personal jurisdiction over either named foreign Defendant and whether either Defendant has been properly served.

If the Court grants the motion, no claim-construction hearing, trial setting, merits discovery, infringement contentions, invalidity contentions, or other patent-case deadlines will be necessary. If the Court instead permits jurisdictional discovery or alternative service, the immediate proceedings should be structured around those threshold matters before the parties incur the substantially greater expense of full merits discovery.

Defendants do not rely merely on the existence of a pending dispositive motion. This action presently names only two foreign Defendants, both of whom challenge personal jurisdiction and service. Resolution of those challenges will determine whether the case may proceed against either Defendant and, if so, on what procedural footing.

    B.    **Plaintiff Has Not Yet Established That Either Defendant Is Properly Before the Court.**

Plaintiff has not identified defendant-specific evidence establishing that Autel China purposefully directed suit-related conduct toward Texas. Its principal Texas-related evidence consists of materials published through a U.S.-facing website administered and used by entities outside mainland China, including Autel USA. Dkt. 14 ¶ 5-6. The fact that those materials mention Autel China or the shared Autel Robotics brand does not establish that Autel China authored the materials, controlled the website, directed the cited Texas activity, or controlled Autel USA's U.S.-

4

facing operations. *Id*. ¶¶ 7-19.

Plaintiff may not attribute the forum contacts of one corporate entity to another merely because the entities are affiliated. *See*, *e.g.*, *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (requiring "proof of control by the parent over the internal business operations and affairs of the subsidiary" before the two entities may be "fuse[d] . . . together for jurisdictional purposes."). Yet Plaintiff expressly contends that it need not establish alter ego or another attribution theory. Dkt. 12 at 16 ("Cellspin need not prove alter ego to establish jurisdiction over Autel China."). That dispute must be resolved before the parties proceed into full merits scheduling and discovery.

The service issue is similarly unresolved. Plaintiff attempted to serve Autel China and Autel Europe through Autel USA's registered agent and through direct delivery abroad. *Id*. at 27. In opposing dismissal, Plaintiff does not establish that those methods complied with the Hague Service Convention. Instead, it asks the Court to authorize alternative service or grant additional time if the existing service is found insufficient. *Id*. at 28. The Court should resolve whether Defendants have been properly served, and whether any further service proceedings are necessary, before imposing the burdens of a full merits schedule.

C.    **Proceeding Under the Existing Schedule Would Impose Substantial and Potentially Unnecessary Burdens.**

The scheduling conference is not an isolated administrative event. It will establish claim-construction and trial dates and trigger a sequence of substantive obligations, including infringement and invalidity contentions, proposed discovery and protective orders, disclosures, joinder decisions, and subject-matter-eligibility contentions. Dkt. 11 at 1–2.

Compliance will require the parties to negotiate discovery provisions, identify and preserve broad categories of merits evidence, prepare technical patent disclosures, analyze claim-

construction and invalidity issues, and begin discovery concerning the accused products and technology. Those efforts would impose substantial costs on the parties and consume judicial resources even though the Court may dismiss the action, require further service, or authorize only limited jurisdictional discovery.

A limited continuance would avoid that potential waste. It would also prevent the parties from constructing a merits schedule that may need to be substantially revised after the Court determines whether either Defendant is subject to jurisdiction and has been properly served.

**D.      The Requested Continuance Is Narrow and Will Not Unfairly Prejudice Plaintiff.**

Defendants seek neither an indefinite stay nor any delay in the Court's consideration of the pending Motion to Dismiss. They request only that the July 20, 2026 scheduling conference and the deadlines arising from the Scheduling Conference Order be continued until the Court resolves the threshold motion.

Plaintiff will suffer no unfair prejudice from that limited relief. If the motion is denied, the Court may promptly reset the scheduling conference and related deadlines. If jurisdictional discovery or further service is ordered, the parties may proceed under a schedule tailored to those threshold matters. By contrast, denying a continuance would require Defendants to incur substantial merits-related costs before the Court determines whether they are properly subject to this action.

The requested relief therefore preserves the parties' resources, avoids potentially duplicative proceedings, and promotes efficient case management.

**IV.     CONCLUSION**

Defendants respectfully request that the Court continue the July 20, 2026 scheduling conference and all deadlines arising from or related to the Court's Scheduling Conference Order

6

until after the Court rules on Defendants' pending motion to dismiss. Defendants further request that, if the motion to dismiss is denied in whole or in part, the Court reset the scheduling conference and associated deadlines for the next appropriate available dates.

Dated:    July 6, 2026.

**ANJIE BROAD LAW FIRM**

By: */s/   Zhiyu Liang*
    Zhiyu Liang (Cal. Bar No. 357770)
    14th Floor, North Tower, Beijing Kerry Centre
    No. 1 Guanghua Road
    Chaoyang District, Beijing 100020, China
    Phone: +86 (10) 8567-5988
    Email:   liangzhiyu@anjielaw.com

*Attorney for Defendants Autel Robotics Co., Ltd.*
*and Autel Robotics Europe GmbH*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), undersigned counsel conferred with counsel for Plaintiff on July 6, 2026. Plaintiff advised that it opposes the relief requested in this Motion and agreed to file its opposition by July 10, 2026. Defendants agreed that they will not file a reply. The parties discussed the substance of the requested continuance but were unable to reach an agreement, and their discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

By: */s/   Zhiyu Liang*
Zhiyu Liang

*Attorney for Defendants Autel Robotics Co., Ltd. and Autel Robotics Europe GmbH*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Texas using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Zhiyu Liang*
Zhiyu Liang

*Attorney for Defendants Autel Robotics Co., Ltd. and Autel Robotics Europe GmbH*