**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>    Plaintiff<br><br>    v.<br><br>AUTEL ROBOTICS CO., LTD. and<br>AUTEL ROBOTICS EUROPE GMBH,<br><br>    Defendants | Case No. 2:26-cv-00226-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CELLSPIN SOFT, INC.'S <u>OPPOSITION</u> TO DEFENDANTS' MOTION TO**

**CONTINUE SCHEDULING CONFERENCE AND RELATED DEADLINES (DKT. 15)**

## TABLE OF CONTENTS

I.    INTRODUCTION................................................................................................ 1

II.   LEGAL STANDARD........................................................................................ 2

III.  ARGUMENT..................................................................................................... 3

    A.   Defendants Have Not Shown Good Cause or Diligence ....................................3

    B.   Defendants Seek an Indefinite Stay of the Case Schedule,
        Not a Short Administrative Continuance ...............................................................3

    C.   The Mere Pendency of Defendants' Motion to Dismiss
        Does Not Justify Suspending the Schedule ...........................................................4

    D.   Defendants' Motion Improperly Repackages Their
        Dismissal Arguments as Scheduling Arguments ..................................................6

    E.   Defendants Cite No On-Point Authority Supporting the
        Opposed Relief Requested Here ...........................................................................7

    F.   The Scheduling Conference Is the Proper Forum to Manage
        Any Remaining Threshold Issues .........................................................................8

    G.   Cellspin Will Be Prejudiced by the Requested Delay...........................................8

IV.  CONCLUSION ................................................................................................. 9

## TABLE OF AUTHORITIES

*Athalonz LLC v. Under Armour, Inc.*, No. 2:23-cv-00193-JRG-RSP ............................................. 7

*In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)................................................................. 2

*MR Licensing LLC v. Seagate Technology Holdings plc*, No. 2:25-cv-00596-JRG ....................... 7

*Pease v. Sec. & Exch. Comm'n*, 350 F.R.D. 275, 277 (W.D. Tex. 2025).................................... 3, 7

*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) .................................................................... 2, 7

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) ........... 2

## I.  INTRODUCTION

Defendants ask this Court to continue the July 20, 2026 scheduling conference and all deadlines arising from or related to that conference until after the Court resolves Defendants' pending Consolidated Motion to Dismiss. Although Defendants characterize their request as limited, it is not. They ask the Court to suspend the entire case schedule, including Patent Rule 3-1 and 3-2 disclosures (which Cellspin served on July 6, 2026), invalidity contentions, proposed protective orders, claim construction, and trial setting based solely on the pendency of their own Motion to Dismiss.

The timing is critical. The Court entered the Scheduling Conference Order on June 18, 2026. Dkt. 11. Defendants knew that order triggered Cellspin's Patent Rule 3-1 and 3-2 deadline two weeks before the July 20, 2026 scheduling conference. Defendants nevertheless waited until July 6, 2026, the very day Cellspin's Patent Rule 3-1 and 3-2 disclosures were due to file this motion. Cellspin served those disclosures on July 6, 2026 after investing substantial time and resources in their preparation. Defendants' last-minute motion now asks the Court to continue or cloud deadlines that Cellspin has already met.

Defendants have not shown good cause under Rule 16(b). They filed their Motion to Dismiss before the Court entered the Scheduling Conference Order, and the Court nevertheless set the July 20, 2026 scheduling conference. Defendants identify no new development after entry of the Scheduling Conference Order that justifies undoing the schedule. Nor do Defendants cite any on-point authority from this District granting an opposed request to continue an initial scheduling conference and all related Patent Rule deadlines merely because the defendants' own motion to dismiss remains pending.

The Court's Standing Order and Local Rule CV-26(a) undermine Defendants' request. The Standing Order expressly contemplates that a case is ready for scheduling once defendants have

1

answered or <u>filed a motion to transfer or dismiss</u>, and it requires the notice of readiness to identify pending motions. Local Rule CV-26(a) likewise provides that, absent a court order, a party is not excused from discovery because motions to dismiss, remand, or transfer are pending.

A scheduling conference is the proper forum to manage any remaining threshold issues, including the scope and timing of any jurisdictional discovery, alternative service, or other sequencing. The motion should be denied.

Cellspin is concurrently filing its sur-reply in opposition to Defendants' Motion to Dismiss. That filing further demonstrates that the threshold issues are fully joined and can be addressed by the Court without continuing the scheduling conference or suspending the Patent Rule schedule.

## II.     LEGAL STANDARD

Rule 16(b) requires a showing of good cause to modify a scheduling order. The moving party must demonstrate that the deadlines "cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003).

Courts possess discretion to manage their dockets, including discretion to stay discovery pending resolution of threshold motions. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). But that discretion does **not** mean a pending motion to dismiss automatically stays scheduling, discovery, or Patent Rule deadlines. A party seeking such relief must make a "particular and specific demonstration of fact" establishing the need for the requested relief. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Courts balance the harm caused by delay against the possibility that the threshold motion will eliminate the need for further proceedings. *Pease v. Sec. & Exch. Comm'n*, 350 F.R.D. 275, 277 (W.D. Tex. 2025).

2

## III.    ARGUMENT

### A.    Defendants Have Not Shown Good Cause or Diligence

Defendants' motion fails because it does not show good cause under Rule 16(b). The request is opposed, is based on the continued pendency of Defendants' own Motion to Dismiss, and seeks to delay not only the scheduling conference, but the entire sequence of deadlines that flows from it, including Patent Rule disclosures that Cellspin has already served.

Good cause requires diligence. Defendants have known about the June 18, 2026 Scheduling Conference Order for nearly three weeks. Dkt. 11. Defendants also filed their Motion to Dismiss before that order was entered. Dkt. 8. The Court nevertheless entered the Scheduling Conference Order and set the July 20, 2026 scheduling conference. Defendants then waited until July 6, 2026 the very day Cellspin's Patent Rule 3-1 and 3-2 disclosures were due, to seek a continuance of the conference and all related deadlines.

That timing is not diligent. A party cannot create good cause by waiting until the last possible moment to seek relief from deadlines it has known about for weeks, particularly where the opposing party has already invested substantial time and resources preparing and serving the required disclosures. Defendants' timing makes the motion especially prejudicial because Cellspin has already performed the work that Defendants now ask the Court to suspend.

### B.    Defendants Seek an Indefinite Stay of the Case Schedule, Not a Short Administrative Continuance

Defendants characterize their request as narrow, but the requested relief is broad. Defendants ask the Court to continue the July 20 scheduling conference and "all deadlines arising from or related to" that conference until after the Court rules on Defendants' Motion to Dismiss. Dkt. 15 at 6–7. Their proposed order would continue the scheduling conference "until further order of the Court" and would continue all deadlines established by the June 18 Scheduling Conference

3

Order, including the deadline to comply with Patent Rules 3-1 and 3-2, "until further order of the Court." Dkt. 15-1.

In practical effect, Defendants ask the Court to stay the case schedule for an indefinite period tied to the uncertain date of a ruling on Defendants' own Motion to Dismiss. That is not a short administrative adjustment. It is a request to freeze the case at a critical stage, <u>after Cellspin has already served the disclosures required by the existing schedule.</u> Such relief requires a stronger showing than Defendants have made.

Defendants' proposed order confirms the breadth of the relief they seek. It would continue the scheduling conference "until further order of the Court" and would continue all deadlines established by the June 18 Order including the Patent Rule 3-1 and 3-2 deadlines that Cellspin has already satisfied "until further order of the Court." Dkt. 15-1. That is **not** a short administrative continuance. It is an *indefinite* stay of the case schedule tied to an uncertain future ruling on Defendants' own motion.

### C.    The Mere Pendency of Defendants' Motion to Dismiss Does Not Justify Suspending the Schedule

Defendants' central argument is that their Motion to Dismiss raises threshold issues of personal jurisdiction and service. But those issues have already been presented to the Court. Defendants filed their Motion to Dismiss, Cellspin filed its opposition, Defendants filed a reply, and Defendants submitted a supplemental declaration. Dkts. 8, 12, 13, 14. Defendants do not need a stay of the scheduling process to preserve those arguments.

Defendants' July 6 reply and supporting declarations confirm that a wholesale continuance is unnecessary. Defendants have fully briefed their threshold arguments, and their own fallback position is that, at most, any jurisdictional discovery should be narrowly limited to particular attribution issues concerning Autel China. Dkt. 13 at 7–8. Their declarations likewise do not justify

4

freezing the entire case schedule. At most, they create factual disputes concerning corporate attribution, website administration, app distribution, U.S. product flow, support operations, data/cloud functionality, R&D coordination, and service. Those are precisely the types of threshold issues that can be managed at the July 20 scheduling conference through tailored sequencing, including targeted jurisdictional discovery if necessary. The reply and declarations therefore support proceeding with the scheduling conference—not continuing the conference and all related Patent Rule deadlines indefinitely.

Nor do Defendants' declarations show good cause to freeze the case schedule. Autel China's original declaration admits that Autel China designs, develops, and manufactures the firmware, mobile applications, cloud/web services, and overall architecture for drones sold under the Autel brand, while also asserting that Autel USA handles U.S.-facing sales, importation, distribution, support, and post-sale service. Dkt. 9 ¶¶ 4, 8–13, 24, 31–35. Autel Europe's declaration similarly denies U.S. and Texas sales, marketing, importation, support, and control over Autel USA or Autel China activities. Dkt. 10 ¶¶ 5–17, 29–35. Defendants' supplemental reply-stage declaration further attempts to assign website administration and U.S.-facing activity to Autel USA or other non-mainland-China entities, while admitting that Autel China issued at least one app-related statement and provides products to Autel USA for subsequent U.S. importation, marketing, distribution, sales, support, and post-sale service. Dkt. 14 ¶¶ 4–6, 11, 18–21. These declarations identify factual and attribution disputes concerning the accused apps, firmware, cloud/web services, product flow, website administration, support operations, and service, precisely the kinds of issues the Court can manage at the scheduling conference through tailored sequencing or targeted jurisdictional discovery if necessary.

5

Nor does the pendency of a Rule 12 motion automatically stay scheduling or discovery. Local Rule CV-26(a) provides that, absent a court order to the contrary, a party is not excused from responding to discovery because motions to dismiss, remand, or transfer are pending. Judge Gilstrap's Standing Order Regarding Readiness for Scheduling Conference likewise provides that a case is ready for scheduling when all defendants have answered or filed a motion to transfer or dismiss, and it requires the notice of readiness to identify pending motions. That framework contemplates scheduling even when such motions remain pending.

Defendants' position would invert the ordinary rule. If the mere pendency of a motion to dismiss were enough to continue the scheduling conference and all related deadlines, any defendant could delay the initial case schedule simply by filing a threshold motion. That is not the practice contemplated by the Standing Order or Local Rule CV-26(a).

### D.    Defendants' Motion Improperly Repackages Their Dismissal Arguments as Scheduling Arguments

Much of Defendants' motion reargues the merits of their Motion to Dismiss. Defendants repeat their positions concerning Autel USA, corporate separateness, the Hague Service Convention, alternative service, and whether Autel China or Autel Europe are properly before the Court. See Dkt. 15 at 2–5. Those issues are already before the Court in the dismissal briefing. This scheduling motion should not function as a second reply in support of dismissal. The question before the Court is not whether Defendants will ultimately prevail on their Rule 12(b)(2) or 12(b)(5) arguments.

The question is whether they have shown good cause to upend the existing schedule. They have not.

6

E. **Defendants Cite No On-Point Authority Supporting the Opposed Relief Requested Here**

Defendants cite general authorities recognizing that courts have discretion to manage their dockets and, in appropriate cases, stay discovery pending resolution of threshold motions. See *Petrus*, 833 F.2d at 583; *Pease*, 350 F.R.D. at 277. But Defendants cite no on-point authority from this District granting an opposed request to continue an initial scheduling conference and all related Patent Rule deadlines merely because the defendants' own motion to dismiss remains pending.

To the extent Defendants rely on scheduling examples identified during the parties' meet-and-confer discussions, those examples are materially distinguishable. In *MR Licensing LLC v. Seagate Technology Holdings plc*, No. 2:25-cv-00596-JRG, the parties filed a joint motion to continue the scheduling conference. No defendant had answered or otherwise responded to the complaint, the plaintiff had not filed a Notice of Readiness for Scheduling Conference, and the request was based on case-specific timing issues caused by a scheduling order that triggered infringement-contention deadlines almost immediately. The parties requested the next available scheduling-conference setting. They did not seek an opposed, open-ended continuance tied to the uncertain date on which a pending motion to dismiss might be decided.

Also, Defendants' reliance on *Athalonz LLC v. Under Armour, Inc.*, No. 2:23-cv-00193-JRG-RSP, is likewise distinguishable. There, the plaintiff—not the defendant—filed the request, and the request was unopposed. It did not involve defendants first filing their own motion to dismiss and then seeking to postpone the scheduling conference and all related deadlines because their own motion remained pending.

Neither case involved defendants filing their own motion to dismiss and then seeking an opposed, open-ended continuance of the initial scheduling conference and all Patent Rule deadlines because that motion remained pending.

7

Those examples reflect consensual, case-specific scheduling adjustments. They do not establish that defendants are entitled to opposed relief suspending the initial scheduling conference and Patent Rule deadlines based on the pendency of their own motion.

**F.    The Scheduling Conference Is the Proper Forum to Manage Any Remaining Threshold Issues**

Defendants argue that their threshold personal-jurisdiction and service issues should be resolved before any scheduling occurs. That argument gets the case-management sequence backwards.

A scheduling conference is the proper forum for managing such issues. If the Court determines that limited jurisdictional discovery, alternative service under Rule 4(f)(3), an extension of time to complete service, or some other sequencing is appropriate, the conference provides the opportunity to set a tailored schedule. There is no reason to postpone the entire case schedule while those issues are resolved.

Freezing the schedule until the Motion to Dismiss is decided would create inefficiency, not avoid it. If the case proceeds—as Cellspin's opposition to the Motion to Dismiss explains it should—the parties will have lost valuable time and will need to reconstruct a schedule that could have been addressed at the July 20 conference. The better course is to proceed with the scheduled conference and allow the Court to manage any threshold issues within the normal scheduling framework.

**G.    Cellspin Will Be Prejudiced by the Requested Delay**

Defendants' request would impose real prejudice on Cellspin. Cellspin has already invested substantial time and resources preparing and serving its Patent Rule 3-1 and 3-2 disclosures under the Court's existing order. Defendants waited until the day those disclosures were due to seek relief

8

that would continue the same deadlines. A last-minute continuance would disrupt work already completed, create unnecessary uncertainty, and delay the structured Patent Rule process.

The requested delay would also postpone the establishment of a claim-construction schedule and trial date, increasing the time and cost required to resolve this dispute. By contrast, Defendants will suffer no unfair prejudice from proceeding with the scheduling conference. Defendants have appeared through counsel, filed motions and declarations, and fully briefed their threshold arguments. The Court can adjust the schedule later if the Motion to Dismiss is granted in whole or in part. Denying the requested continuance simply requires Defendants to participate in ordinary case management while their motion remains pending.

## IV.    CONCLUSION

For the foregoing reasons, Cellspin respectfully requests that the Court deny Defendants' Motion to Continue Scheduling Conference and Related Deadlines. Dkt. 15.

In the alternative, if any relief is granted, Cellspin requests that the Court limit any continuance to the July 20, 2026 scheduling conference itself, reset the conference for the next available date, and make clear that Cellspin's July 6, 2026 Patent Rule 3-1 and 3-2 disclosures remain in full force and effect and are not vacated, continued, withdrawn, or otherwise affected.

Respectfully Submitted,

*/s/ Randall Garteiser*
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   California Bar No. 239829
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967

9

California Bar No. 232473
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record in this case via electronic mail via this Court's CM/ECF system on this time-stamped date.

/s/ Randall T. Garteiser

Randall T. Garteiser

10